**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PATRICIA A. ALLBRITTON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:11-CV-1114-L (BH) |
| | § | |
| **SOCIAL SECURITY ADMINISTRATION, et al.** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, Plaintiff's claims should be **DISMISSED** as frivolous and/or for failure to state a claim upon which relief may be granted.

**I. BACKGROUND**

On May 26, 2011, Plaintiff filed what she has characterized as a civil rights action against several federal and state agencies and private parties. (Compl. at 1-2 & Civil Cover Sheet (doc. 2).). Her nine-page complaint contends very generally that she has been denied her rights to life and freedom, medical treatment, services, her medical records, and equal access and protection under the law for the past three decades. *Id.* at 2, 5-9. Although the complaint lists a number of federal statutes and regulations that defendants have allegedly violated, it contain no facts to support any claims under those statutes and regulations. *Id.* at 2-3, 5-6. The only apparent factual contention is that Plaintiff has been illegally denied access to medical records, including a skull x-ray, that is stored in a safety deposit box at the defendant bank. *Id.* at 8. The only relief Plaintiff appears to be seeking is disclosure of her medical records from various agencies and entities. *Id.* at 3.

On December 5, 2011, the Court sent Plaintiff a Magistrate Judge's Questionnaire (MJQ) to obtain additional information about her claims. (*See* doc. 6.)[1] On January 4, 2012, the Court received a copy of Plaintiff's 20-page sworn correspondence to the President of the United States apparently advising of "formal federal litigation" for full citizenship, constitutional rights, federal protection, and a human rights attorney. (doc. 7.) The correspondence recites articles of the Constitution as well as various federal statutes, appears to seek full disclosure of medical records from certain doctors and medical facilities in two states, and lists a number of complaints that Plaintiff has filed with various agencies and entities. *Id.*

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint in whole or in part if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

---

[1] A plaintiff's sworn answers to an MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011) (applying same standard to review dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) as for dismissal under Rule 12(b)(6))(citing *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

In this case, Plaintiff's complaint is frivolous. Her claims for production of her medical records by numerous public and private entities across the country lack an arguable basis in law and are "based on an indisputably meritless legal theory." Her only apparent factual claim that she is being illegally denied access to medical records and a skull x-ray stored in a safety deposit box at the defendant bank is fantastic and delusional, as is her correspondence to the President of the United States. Her complaint also fails to state a claim upon which relief may be granted because she has plead no facts sufficient to state a claim to relief that is plausible on its face against any defendant. It only recites a litany of statutes and makes conclusory statements that she has been denied her rights and access to her medical records. An opportunity to clarify her claims resulted in an additional recitation of statutes without any factual support. Her claims should therefore be dismissed.

## V.  RECOMMENDATION

Plaintiff's claims against all defendants should be **DISMISSED** with prejudice as frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SIGNED this 23rd day of January, 2012.**

> _____
> IRMA CARRILLO RAMIREZ
> UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

> _____
> IRMA CARRILLO RAMIREZ
> UNITED STATES MAGISTRATE JUDGE